IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | :<br>:<br>: |
| Plaintiff, | : Civil Case No. 2:14-cv-352 |
| v. | :<br>: |
| DARPAN MANAGEMENT, INC., an Ohio corporation; P & S HOTEL GROUP, LTD., an Ohio limited liability company; ZEAL HOTEL GROUP LTD., an Ohio limited liability company; VJP HOSPITALITY LTD., an Ohio limited liability company; PVS LIMITED, an Ohio limited liability company; SPS HOSPITALITY, LTD., an Ohio limited liability company; DARSHAN SHAH, an individual; VIBHAKAR SHAH, an individual; and PRAKASH PATEL, an individual; | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

## **COMPLAINT**

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, Darpan Management, Inc., an Ohio corporation; P & S Hotel Group, Ltd., an Ohio limited liability company; Zeal Hotel Group Ltd., an Ohio limited liability company; VJP Hospitality Ltd., an Ohio limited liability company; PVS Limited, an Ohio limited liability company; SPS Hospitality, Ltd., an Ohio limited liability company; Darshan Shah, an individual; Vibhakar Shah, an individual; and Prakash Patel, an individual (hereinafter collectively "Defendants"); from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act"),

1

pursuant to Section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the Act.

## I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II.

(a)  Defendant Darpan Management, Inc. ("Darpan") is, and at all times hereinafter mentioned, was an Ohio corporation with an office and place of business at 3958 Brown Park Drive, Suite B, Hilliard, Ohio 43026, in Franklin County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the hospitality business and in the performance of related types of activities.

(b)  Defendant P & S Hotel Group, Ltd. (d/b/a "Holiday Inn Express", f/k/a "Country Inn & Suites") is, and at all times hereinafter mentioned, was an Ohio limited liability company with an office and place of business at 2806 Taylor Road, Reynoldsburg, Ohio 43068, in Franklin County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the hospitality business and in the performance of related types of activities.

(c)  Defendant Zeal Hotel Group, Ltd. (d/b/a "Baymont Inn & Suites") is, and at all times hereinafter mentioned, was an Ohio limited liability company with an office and place of business at 1100 Mediterranean Avenue, Columbus, Ohio 43229, in Franklin County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the hospitality business and in the performance of related types of activities.

(d)  Defendant VJP Hospitality, Ltd. (d/b/a "Four Points by Sheraton") is, and at all times hereinafter mentioned, was an Ohio limited liability company with an office and place of business at 3030 Plaza Properties Boulevard, Columbus, Ohio 43219, in Franklin County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the hospitality business and in the performance of related types of activities.

(e)  Defendant PVS Limited (d/b/a "Four Points", f/k/a "Wingate by Wyndham") is, and at all times hereinafter mentioned, was an Ohio limited liability company with an office and place of business at 8505 Pulsar Place, Columbus, Ohio 43240, in Franklin County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the hospitality business and in the performance of related types of activities.

(f)  Defendant SPS Hospitality Ltd. (d/b/a "Country Inn & Suites") is, and at all times hereinafter mentioned, was an Ohio limited liability company with an office and place of business at 1111 Mediterranean Avenue, Columbus, Ohio 43229, in Franklin County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the hospitality business and in the performance of related types of activities.

(g)  Defendant Darshan Shah, an individual, resides at 4834 Britton Farms Drive, Hilliard, Ohio 43026, within the jurisdiction of this Court.  Defendant D. Shah is a member of Defendant Darpan and/or the other corporate Defendants and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of Darpan and/or the other corporate Defendants in relation to their employees.

Defendant D. Shah acted directly or indirectly in the interest of the other corporate Defendants in relation to their employees.

(h)  Defendant Vibhakar Shah, an individual, resides at 4581 Huntwicke Drive, Hilliard, Ohio 43026, within the jurisdiction of this Court.  Defendant V. Shah is a member of Defendant Darpan and/or the other corporate Defendants and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of Darpan and/or the other corporate Defendants in relation to their employees. Defendant V. Shah acted directly or indirectly in the interest of the other corporate Defendants in relation to their employees.

(i)  Defendant Prakash Patel, an individual, resides at 5668 Hillcoat Drive, Hilliard, Ohio 43026, within the jurisdiction of this Court.  Defendant P. Patel is a member of Defendant Darpan and/or the other corporate Defendants and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of Darpan and/or the other corporate Defendants in relation to their employees. Defendant P. Patel acted directly or indirectly in the interest of the other corporate Defendants in relation to their employees.

## III.

Defendants are, and at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and are, and at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

## IV.

Defendants are and, at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of

Section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

### V.

(a)  Defendants Darpan, P & S Hotel Group Ltd., and individual Defendants repeatedly and willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing some of their employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for wages at rates less than $7.25 per hour for time worked beginning on November 5, 2010.  Specifically, the specified Defendants failed to pay some employees for time spent in training at the Holiday Inn.

(b)  In addition to the violations set forth in sub-part (a) above, the Defendants listed in the above paragraph continued to repeatedly and willfully violate the provisions of Sections 6 and 15(a)(2) of the Act by continuing to employ some employees in commerce or in the production of goods for commerce, within the meaning of the Act or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, for wages at rates less than $7.25 per hour for time worked beginning on November 5, 2010.

### VI.

(a)  Defendants repeatedly and willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in

commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, Defendants misclassified certain salaried employees as exempt, inaccurately added or rounded timesheets, and improperly averaged hours worked across workweeks.  As a result, Defendants did not pay premium wages for hours worked in excess of forty hours in a workweek.

(b)  In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly and willfully violate the provisions of Sections 7 and 15(a)(2) of the Act by continuing to employ employees in commerce or in the production of goods for commerce, within the meaning of the Act or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.

## VII.

Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. §516, in that records fail to show adequately and accurately, among

other things, the number of hours worked each week and identifying information for the workers.

## VIII.

During the period since November 1, 2013, Defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the Court to be due to present and former employees under the Act is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B. For an Order:

1. pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit 1 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2. pursuant to Section 17, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime

compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

      C.      For an Order awarding Plaintiff the costs of this action; and

      D.      For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
|  | */s/ Hema Steele*_____ |
| OF COUNSEL: | HEMA STEELE (0081456) |
|  | Trial Attorney |
|  | U.S. Department of Labor |
| BENJAMIN T. CHINNI | 881 Federal Office Building |
| Associate Regional Solicitor | 1240 East Ninth Street |
|  | Cleveland, Ohio 44199 |
|  | (216) 522-3876; Fax (216) 522-7172 |
|  | *Steele.Hema@dol.gov* |