IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : : |
| Plaintiff, | : : |
| | : Case No. 2:14-cv-352 |
| v. | : JUDGE GEORGE C. SMITH |
| DARPAN MANAGEMENT, INC., *et al.*, | : MAGISTRATE JUDGE DEAVERS |
| Defendants. | : : |

## JUDGMENT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), has filed his Complaint, and Defendants Darpan Management, Inc.; P&S Hotel Group, Ltd.; Zeal Hotel Group Ltd.; VJP Hospitality Ltd.; PVS Limited; SPS Hospitality, Ltd.; Darshan Shah; Vibhakar Shah; and Prakash Patel (collectively, "Defendants") – without admitting the allegations of the Complaint and without a finding by this Court of any violations as alleged by the Secretary in the Complaint – have agreed to the entry of this Judgment in accordance with the Stipulation between the parties filed herein. (*See* Doc. 14). It is therefore, for cause shown, ordered that:

1. Defendants, their agents, servants, employees, and all persons in active concert with them, are permanently enjoined and restrained from violating the provisions of §§15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 (the "Act"), in any of the following manners:

1

  A. Defendants shall not, contrary to Section 6 of the Act, employ any of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, unless the employees receive compensation for their employment at a rate not less than the prevailing federal minimum wage rate.

  B. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his employment in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rates at which he is employed.

  C. Defendants shall not fail to make, keep, and preserve records of their employees, and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations of the Administrator or the Secretary of Labor issued, and from time to time amended, pursuant to Section 11(c) of the Act, and found in Title 29, Chapter V, Code of Federal Regulations, Part 516.

2. The Secretary shall recover from Defendants the total sum of $15,000, for which execution may issue, to be distributed by the Secretary to Defendants' employees listed in the attached Exhibit 1 and in the amounts set forth in the column "Back Wages," following each employee's name.

3. Defendants shall make payment to the Secretary for disbursement as prescribed law and as follows:

    A. Defendants shall pay the $15,000 in fifteen equal monthly installments of $1,000 each, with the first installment due on or before April 15, 2015. Each subsequent installment shall be paid on or before the 15th of each subsequent month until the amount is paid in full.

    B. Each check shall be made payable to the "Wage and Hour Division, U.S. Department of Labor," and shall be mailed to the Wage and Hour Division, Midwest Regional Office, 230 South Dearborn Street, Room 530, Chicago, Illinois 60604-1757.

  4. Any money not distributed by the Secretary within a reasonable time because of the Secretary's failure to locate the proper person or because of such person's refusal to accept such money shall be covered into the Treasury of the United States as miscellaneous receipts.

  5. The failure of Defendants to make any payment within ten (10) days of the due date as provided herein shall result in the balance then owing being due immediately from Defendants. The failure of the Secretary, upon a late payment of Defendants, to take any action to collect the balance then owing shall not be construed as a waiver by the Secretary of the right to do so following any future late payment.

  6. The attached Exhibit 1 is incorporated in and made a part of this Judgment.

  7. Defendants shall maintain records of all hours worked for all employees, regardless of whether Defendants claim certain employees are exempt from coverage of the Act.

  8. Defendants shall provide training for all existing and new employees regarding proper timekeeping and the applicability of any claimed exemptions under the Act.

  9. If Defendants maintain employee handbooks or other written rules of conduct/procedures for their employees, such written instrument(s) must include a provision

3

stating that all employees who are not exempt under the Act will be paid premium wages for all overtime hours worked, in accordance with Section 7 of the Act.

10. Defendants shall ensure that all trainees' hours worked are recorded and that the trainees are paid wages in accordance with the Act.

11. Defendants shall devise and implement a standardized practice of rounding when calculating the number of hours worked by each employee.

12. Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or to offer to return to Defendants or to someone else on behalf of Defendants any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, solicit, or encourage anyone else to discriminate against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Judgment.

13. No costs or disbursement are allowed.

The Clerk shall enter final judgment and remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

4

*/s/ Sanjay K. Bhatt*
SANJAY K. BHATT (0063913)
2935 Kenny Road, Suite 225
Columbus, Ohio 43221
(614) 222-4900
(614) 222-4901 (facsimile)
*bhattlawoffice@gmail.com*

*/s/ Hema Steele*
HEMA STEELE (0081456)
Trial Attorney
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-7546
(216) 522-7172 (facsimile)
*Steele.Hema@dol.gov*

OF COUNSEL:

BENJAMIN T. CHINNI
Associate Regional Solicitor

5